**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3977
_____

CLARENCE D. SCHREANE,
Appellant

v.

UNITED STATES OF AMERICA;
UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF TENNESSEE AT CHATTANOOGA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-01643)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 5, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Filed: January 8, 2014)
_____

OPINION
_____

PER CURIAM

        Clarence Schreane, proceeding pro se, appeals the United States District Court for the

Middle District of Pennsylvania's order dismissing his petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241. Because this appeal does not present a substantial question, we will summarily affirm for principally the same reasons given by the District Court.

## I.

In 2001, following a jury trial in the United States District Court for the Eastern District of Tennessee, Schreane was convicted of possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 327 months' imprisonment and 5 years of supervised release. The United States Court of Appeals for the Sixth Circuit affirmed the judgment and conviction, see United States v. Schreane, 331 F.3d 548 (6th Cir. 2003), and the United States Supreme Court denied certiorari on October 20, 2003, see Schreane v. United States, 540 U.S. 973 (2003).

On November 9, 2004, Schreane filed a motion pursuant to 28 U.S.C. § 2255. The Eastern District of Tennessee denied the motion as untimely filed. Schreane filed a second § 2255 motion that the District Court determined was unauthorized. Consequently, the District Court transferred the motion to the United States Court of Appeals for the Sixth Circuit to be filed as an application requesting permission to file a second or successive § 2255 motion, which the Sixth Circuit denied. Schreane unsuccessfully sought permission to file a second or successive § 2255 motion in February 2009, March 2011, and May 2012. Schreane most recently filed in the Sixth Circuit an additional application for permission to file a second or successive § 2255 motion in June 2013.

In May 2013, Schreane filed the current § 2241 petition in the United States District Court for the Eastern District of Pennsylvania. The Eastern District of Pennsylvania transferred the petition to the United States District Court for the Middle District of

2

Pennsylvania because Schreane is incarcerated within the Middle District. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Schreane raised four claims in his petition: (1) that his initial arrest was unlawful; (2) that the charges against him should have been dropped prior to trial due to a violation of the Interstate Agreement on Detainers Act; (3) that his constitutional due process rights were violated during the pretrial stage; and (4) that the prosecution withheld exculpatory evidence at trial in violation of Brady v. Maryland, 373 U.S. 83 (1963). Schreane asserted that his conviction and sentence are illegal and should be overturned.

In a report and recommendation, the Magistrate Judge recommended dismissing Schreane's § 2241 petition for lack of jurisdiction because Schreane challenged the validity of his sentence, rather than its execution, and he failed to show that the remedy provided by § 2255 is inadequate or ineffective. Over Schreane's objections, the District Court adopted the report and recommendation and dismissed Schreane's petition for lack of jurisdiction. Schreane timely appealed.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). In our review of the District Court's order dismissing the § 2241 petition we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of

---

[1] On November 4, 2013, the Clerk dismissed the appeal for failure to pay the filing fee. Schreane then filed a motion to proceed in forma pauperis and a motion to reconsider, which is construed as a motion to reopen. These motions are granted. See 3d Cir. LAR Misc. 107.2(a). Schreane also filed a motion requesting an order directing prison officials to return his legal property. This motion is denied without prejudice to Schreane's initiating a civil action in the appropriate court seeking the return of his property.

3

fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

III.

Upon review, we conclude that the District Court properly dismissed Schreane's § 2241 petition. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). While the "precise meaning of 'execution of the sentence' is hazy," Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005), we have defined execution to mean "put into effect" or "carry out," id. at 243. "[T]o challenge the execution of his sentence under § 2241, [an inmate] would need to allege that [the Bureau of Prison's] conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Schreane has failed to make such allegations here, instead arguing that his constitutional and statutory rights were violated before and during trial. These claims challenge the validity of Schreane's conviction, rather than its execution.

Generally, federal prisoners challenge the validity of their conviction or sentence through motions pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343-44 (1974). Section 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A motion under § 2255 is not "inadequate or ineffective" simply because the

4

petitioner cannot meet the gatekeeping requirements of § 2255. <u>Dorsainvil</u>, 119 F.3d at 251. However, we have held that § 2255 is inadequate or ineffective to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision" and the petitioner is otherwise barred from filing a second or successive § 2255 motion. <u>Id.</u> at 251-52.

Here, none of Schreane's four claims for relief relies on an intervening change in the law that has rendered the conduct for which he was convicted non-criminal. Accordingly, Schreane cannot proceed under § 2241 pursuant to the approach recognized in <u>Dorsainvil</u>. <u>See</u> <u>id.</u> at 252. Further, Schreane's inability to satisfy the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. <u>Id.</u> at 251. Thus, the District Court properly dismissed the § 2241 petition.

IV.

For the foregoing reasons, this appeal presents no substantial question and we will summarily affirm the District Court's judgment. <u>Murray v. Bledsoe</u>, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); <u>see</u> 3d Cir. LAR 27.4; I.O.P. 10.6.